**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KEVIN F. KELLY,**

                **Plaintiff,**

            **v.**

**JENNIFER L. KELLY et al.,**

                **Defendants.**

**1:21-cv-175
(GLS/CFH)**

_____

**APPEARANCES:**

**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Kevin F. Kelly
Pro se
PO Box 488
New Paltz, NY 12561

**FOR THE DEFENDANTS:**
Jennifer L. Kelly
Pro se
58 Plains Road
Main House
New Paltz, NY 12561

*Jonathan Katz, Officer Brianne
Quigley, Officer Edmond
Redmond, Sgt. Patrick Koch,
Chief Joseph Snyder, Leut.
Robert Lucchessi, New Paltz
Police Department, Town of New
Paltz, & Town of New Paltz Police
Commission*
Johnson Laws, LLC

GREGG T. JOHNSON, ESQ.

646 Plank Road, Suite 205
Clifton Park, NY 12065

*Ulster County District Attorney's Office, Holley Carnright, John Rusk & Inv. William Wieshaupt*

| | |
|---|---|
| Maynard, O'Connor Law Firm<br>Route 9W<br>P.O. Box 180<br>Saugerties, NY 12477 | ADAM T. MANDELL, ESQ. |
| O'Connor, O'Connor, Bresee & First PC<br>20 Corporate Woods Boulevard<br>Albany, NY 12203 | EMILY PHILLIPS, ESQ. |

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff pro se Kevin Kelly (hereinafter referred to as "Plaintiff Kelly") commenced this action against Jennifer Kelly (hereinafter referred to as "Defendant Kelly"), Officer Brianne Quigley, Officer Edmond Redmond, Sgt. Patrick Koch, Chief Joseph Snyder, Leut. Robert Lucchessi, the New Paltz Police Department, the Town of New Paltz, the Town of New Paltz Police Commission (hereinafter, collectively referred to as "the Town Defendants"), the Ulster County District Attorney's Office, Holley

2

Cartwright, Assistant District Attorney John Rusk, Inv. William Wieshaupt (hereinafter, collectively referred to as "the County Defendants"), and Jonathan Katz.  (Compl., Dkt. No. 1.)  Plaintiff Kelly seeks relief pursuant to 42 U.S.C. § 1983, alleging that defendants deprived him of his "rights guaranteed by the [Fourth, Fifth, Sixth, Eighth, and Fourteenth] [A]mendments to the Constitution of the United States."  (Compl. ¶ 19.)  Defendant Kelly, Katz, the Town Defendants, and the County Defendants have each separately moved to dismiss the complaint, with each arguing, among other things,[1] that the complaint is untimely and/or fails to comply with Fed. R. Civ. P. 8.  (Dkt. No. 5, Attach. 1 at 7-9; Dkt. No. 7, Attach. 1 at 4-5, 6-8; Dkt. No. 8 at 8-9; Dkt. No. 21, Attach. 3 at 3-4, 7-8.)  For the reasons that follow, the defendants' motions are granted.

## II.  Background[2]

This case centers around a domestic dispute between Plaintiff Kelly and Defendant Kelly, which culminated in Plaintiff Kelly's arrest on

---

[1] Defendants all raise additional grounds for dismissal, including, for example that all claims against the County Defendants should be barred by prosecutorial immunity.  (*See, e.g.*, Dkt. No. 21, Attach. 3 at 4-5.)  However, given that the complaint is dismissed as untimely and for failing to comply with Rule 8, the court need not address these additional grounds.

[2] The facts are drawn from Plaintiff Kelly's complaint, (Dkt. No. 1), and presented in the light most favorable to him.

3

February 15, 2018.  (Compl. ¶ 4-5, 12, 14).  In 2017, Defendant Kelly commenced a divorce proceeding against Plaintiff Kelly.  (Compl. ¶ 4.)  In November 2017, the New Paltz Police Department responded to a call from Defendant Kelly, who claimed that Plaintiff Kelly threw her down a flight of stairs and threw items at her.  (*Id*. ¶ 5.)  Several days later, at the New Paltz Police Department, Defendant Kelly "swore . . . an affidavit . . . [in support of] a [criminal] charge" against Plaintiff Kelly.  (*Id*. ¶ 6.)  On December 6, 2017,  Katz, in his capacity as New Paltz Town Justice, signed a warrant for Plaintiff Kelly's arrest and executed an order of protection for the benefit of Defendant Kelly.  (*Id*. ¶ 7.)  Plaintiff Kelly was later arrested and arraigned in front of another judge, who then executed a different order of protection.   (*Id.* ¶ 8.)

Between Plaintiff Kelly's arrest and February 15, 2018, the New Paltz police responded to an "innumerable" amount of calls from Defendant Kelly.  (*Id.* ¶ 11.)  On February 15, 2018, Defendant Kelly called the New Paltz Police for assistance and Quigley and Redmond responded to the call.  (*Id.* ¶ 12.)  Defendant Kelly then gave statements to the officers, which Plaintiff Kelly "demonstrated to be false . . . at the time."  (*Id.* ¶ 13.)  Plaintiff Kelly was then arrested by Quigley, arraigned without counsel, and

"forbidden from speaking on his [own] behalf" at the arraignment.  (*Id.* ¶ 14-15.)  He was then remanded on $10,000 bail, which was later reduced to $2,000.  (*Id.* ¶ 15.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786  F.3d 191 (2d Cir. 2015).

### IV.  Discussion

**A.   Timeliness**

All defendants argue that the complaint, which alleges that the last action involving any of the defendants occurred on February 15, 2018, is untimely because Plaintiff Kelly commenced this action outside of the three-year statute of limitations, on February 16, 2021.  (Dkt. No. 5, Attach. 1 at 7-8; Dkt. No. 7, Attach. 1 at 4-5; Dkt. No. 8 at 8-9; Dkt. No. 21, Attach. 3 at 3-4.)  Plaintiff Kelly contends that the complaint is timely because February 15, 2021 fell on President's Day, a legal holiday, and thus the

5

limitations period would continue to run until February 16. (Dkt. No. 40 at 2-3.)

"Section 1983 actions in New York are subject to a three-year statute of limitations, running from the time a plaintiff knows or has reason to know of the injury giving rise to the claim." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (internal quotation marks and citations omitted); *See Camacho v. Nassau Boces Sch. Dist.*, No. 21-CV-1523, 2022 WL 256506, *4 (E.D.N.Y. Jan. 27, 2022) (applying New York's three-year statute of limitations to § 1983 claims). If the last day of the period falls on a Saturday, Sunday, or legal holiday then "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(c).

Plaintiff Kelly is correct that his complaint was timely in light of Rule 6 insofar as any claim that accrued on or after February 15, 2018 is concerned. Any alleged wrongdoing that occurred prior to February 15, 2018, however, is time-barred. Therefore, Plaintiff Kelly's complaint is timely as to the allegations occurring on February 15, 2018, only.

To be clear, only the following allegations are timely: that Defendant Kelly called the New Paltz Police Department and gave them a false

6

statement, (*id*. ¶¶ 12-13), that Quigley and Redmond responded to this same call and arrested Plaintiff Kelly, (*id*. ¶¶ 12-14), that County Defendants knew the charges against Plaintiff Kelly were "clearly unsustainable," but neglected to drop them.[3] (*Id*. ¶ 16).

## B. Rule 8

Any timely claims against Defendant Kelly, the Town Defendants, or the County Defendants are dismissed for failing to comply with Rule 8. In their respective motions,[4] defendants argue that the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure because Plaintiff Kelly has failed to allege sufficient factual allegations to constitute a plausible cause of action. Specifically, the Town Defendants contend that the complaint "lists constitutional amendments and leaves it to the [c]ourt and . . . [d]efendants to guess or formulate claims for [Plaintiff Kelly]." (Dkt. No. 7, Attach 1 at 8.) Plaintiff Kelly does not address any of the defendants' Rule 8 arguments but instead explains that "in large part

---

[3] As to the County Defendants, while the complaint does not specify when any of their alleged conduct occurred, based on context, it appears that some allegations occurred after Plaintiff Kelly's February 15, 2018 arrest, and are, therefore, timely.

[4] Defendant Kelly does not specifically cite Rule 8 in her response, however, she does argue that the complaint is insufficient on its face and that Plaintiff Kelly fails to state a cognizable claim against her. (*See, e.g.*, Dkt. No. 8 at 21-22.)

7

this complaint has been filed simply to learn all that can be about what happened" and that the relief sought "is the ability to compel the parties to produce evidence . . . without making a federal case of it." (Dkt. No. 40 at 2, 4.)

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8 is to ensure that the court can understand a claim and the adverse parties can properly frame a response to it. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). While the court is cognizant that it must liberally construe a pro se plaintiff's submissions, "the complaint, nonetheless, must satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure." *Gould v. Russi*, 830 F.Supp. 139, 142 (N.D.N.Y.1993); *see Rahl v. N.Y. Tel. Co.*, No. 1:09-cv-01165, 2010 WL 3338832, at *2 (N.D.N.Y. Aug. 24, 2010).

After review of the complaint, it is difficult to discern which if any of Plaintiff Kelly's rights were deprived, when or how those rights were deprived, and whether any defendants were responsible for the alleged deprivation. With respect to Defendant Kelly and the Town Defendants, Plaintiff Kelly has alleged that Quigley and Redmond responded to a call

from Defendant Kelly and took her false statement, and then arrested Plaintiff Kelly. Plaintiff Kelly does not allege exactly how Defendant Kelly's statement was false, or why his arrest by Quigley and Redmond was improper, including, for example, that Quigley and Redmond knew or should have known the statement was false. In fact, the complaint does not even mention why Plaintiff Kelly was arrested, making it impossible for the court to determine whether he has a plausible claim under the Fourth Amendment for false arrest, and does not allow the Town Defendants to adequately prepare a defense. Thus, all timely claims against Defendant Kelly and the Town Defendants[5] are dismissed for failing to comply with Rule 8.

With respect to the County Defendants, there are minimal references to any of them in the complaint, and it is not clear what their involvement with Plaintiff Kelly was. The court can only guess that, perhaps, one of the County Defendants was present at Plaintiff Kelly's arraignment, but based

---

[5] Although the complaint focuses on the conduct of Quigley and Redmond, Plaintiff Kelly appears to allege some degree of involvement from Snyder, Luchessi, Koch, the New Paltz Police Department, and the Town of New Paltz Police Commission, either through their knowledge of the deprivation of Plaintiff Kelly's rights, their role in a supervisory capacity, or their involvement in the investigation of a complaint Plaintiff Kelly filed with the Town of New Paltz Police Commission. (Compl. ¶¶ 12,16.) Assuming *arguendo* that these allegations are not time-barred, these allegations are also dismissed for failing to comply with Rule 8.

9

on the complaint it is impossible to attribute any conduct to the County Defendants, let alone any conduct that deprived Plaintiff Kelly of his constitutional rights.  Thus, all remaining claims against the County Defendants are dismissed for failure to comply with Rule 8.

**C.	Leave To Amend**

In all cases "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and "a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that []he has a valid claim."  *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citations omitted).  Specifically, a pro se complaint "should not [be] dismiss[ed] without granting [the plaintiff] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) ( citation omitted).  However, the court need not extend an opportunity to amend where "[t]he problem with [a plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Because Plaintiff Kelly is a pro se litigant, the court will grant him an opportunity to amend his complaint, but only with respect to claims against

Defendant Kelly, the Town Defendants, and the County Defendants arising out of conduct that occurred on or after February 15, 2018.  With respect to any claims that are time-barred, including all claims against Katz and all claims that accrued prior to February 15, 2018, Plaintiff Kelly is not given leave to amend because better pleading cannot cure untimeliness.  *See Cuoco*, 222 F.3d at 112 (2d Cir. 2000).

Plaintiff Kelly is afforded thirty days to amend his complaint.  Plaintiff Kelly's amended complaint should comply with Rule 8, articulate which rights were deprived, which defendants are responsible for which deprivation, and when the conduct causing the deprivation occurred.  The amended complaint should not be "filed simply to learn all that can be about what happened," as Plaintiff Kelly has previously indicated was his intent in commencing this action.  (Dkt. No. 40 at 2).  If Plaintiff Kelly elects to file an amended complaint, it must be a complete and fully-integrated pleading.  Plaintiff Kelly must state all of his claims in the new pleading and may not rely upon or incorporate by reference any part of his original complaint.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

11

**ORDERED** that Katz's motion to dismiss (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to **TERMINATE** Katz as a defendant to this action; and it is further

**ORDERED** that Defendant Kelly's motion to dismiss (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Town Defendants' motion to dismiss (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that County Defendants' motion to dismiss (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED** that Plaintiff Kelly's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Plaintiff Kelly may file an amended complaint, consistent with this Memorandum-Decision and Order, within thirty (30) days of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that, if no amended complaint is filed, the Clerk shall close this case without further order of the court, and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

12

**IT IS SO ORDERED.**

March 21, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge